

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/19/2013

| | | |
|---|---|---|
| IN RE: § | | |
| ATP OIL & GAS CORPORATION § | CASE NO: 12-36187 | |
| Debtor(s) § | | |
| § | CHAPTER 11 | |
| § | | |
| NGP CAPITAL RESOURCES COMPANY § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 12-03443 | |
| § | | |
| ATP OIL & GAS CORPORATION § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

NGP Capital argues that ATP's expert reports should be stricken for the following reasons: (1) irrelevant and unreliable under Rule 702; (2) improper discussion of an "ultimate conclusion of law;" (3) improper extrinsic evidence under the parole evidence rule; and (4) inadmissible hearsay testimony. (Case No. 12-03443, ECF No. 113 at 6). Pursuant to Fed. R. Civ. P. 56 as made applicable by Fed. R. Bankr. P. 7056, the Court will give ATP an opportunity to correct its defects. If ATP is unable to correct the defects, the motion to strike will be granted.

1. *Irrelevant and Unreliable under Rule 702*

ATP argues that the expert reports fail to meet the *Daubert* factors, which include: (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable.[1] The Fifth Circuit has recognized that "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case . . . where a district judge sits as the trier of fact in place of a jury." *Gibbs v.*

---

[1] *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 587-88 (U.S. 1993); *see also Watkins v. Telsmith, Inc.*, 121 F.3d 984, 993 (5th Cir. 1997) (affirming district court's exclusion of expert testimony because the offered testimony lacked a sufficiently reliable scientific or technical basis).

*Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). In any event, the Court finds that the expert opinions meet all three of the *Daubert* requirements.

First, ATP contends that Phillip Innes' qualifications and experience are insufficient to establish his expert qualifications. (ECF No. 99 at 14). Mr. Innes is a Certified Public Accountant, Certified Valuation Analyst, and has 25 years of specialized experience in auditing and financial analysis. Moreover, he has provided expert opinions on accounting matters related to oil and gas royalty transactions. Mr. Jones holds a Ph.D. in economics and is a specialist in the economics of valuation, with a particular emphasis on the energy industries. (ECF No. 111-1 at 128). Mr. Jones has 37 years of experience in the energy sector and has been extensively involved in contracting for ORRI transactions throughout his career. The Court finds that Mr. Innes' and Mr. Jones' credentials are sufficient to establish their expert qualifications.

ATP also argues that the expert reports' emphasis on the "economic substance" of the transaction documents, rather than focusing on Louisiana oil and gas law, somehow makes the expert reports irrelevant. In a substance over form case, the economic substance of the transaction is a crucial aspect of the court's analysis. Despite NGP's contention, Mr. Innes' references to the GAAP treatment of ORRI transactions does not make the expert report irrelevant. Although GAAP treatment of the transaction is not determinative on how the transaction should be characterized, it provides one approach for an "economic substance" analysis.

Finally, ATP argues that the opinion testimony is unreliable because it "lacks the proper foundation, as Innes does not detail the methodology or basis for the reasoning he applied in reaching his conclusions." (ECF No. 99 at 14). However, both expert reports provide a detailed explanation of the sources of information used to rely upon their opinions. Mr. Innes explains

that his economic substance analysis is derivative of the methodology used under the Generally Accepted Auditing Standards ("GAAP").  (ECF No. 111-1 at 96) ("The concept of substance over form, as expressed in the accounting rules for conveyances of overriding royalty interests, is foundational to GAAP."). Mr. Jones' economic substance analysis appears to be primarily based on a collection of legal treatises on economics, corporate finance, and oil and gas transactions. Accordingly, the Court finds that the expert opinions are sufficiently reliable.

2. *Ultimate conclusion of law*

NGP also argues that the expert reports are improper because they "render conclusions of law." (ECF No. 113 at 8).  The ultimate issue in this case is whether NGP's Term Overriding Royalties are excluded from the property of the Debtor's estate under § 541 of the Bankruptcy Code.  The expert reports are providing opinions on whether the terms of the NGP transaction are consistent with the economic substance of a debt instrument or a real property conveyance. In the *Cutting Underwater Technologies* case relied upon by NGP, the court noted that where an expert witness opines as to whether a particular set of facts falls within a technical definition or meaning, such testimony differs from opining on an ultimate conclusion of law. *See Cutting Underwater Technologies USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 fn.7 (5th Cir. 2012) ("It would be a different situation had [the expert witness] stated in his affidavit that, for instance, the term 'abandoning a well' has a particular technical meaning and that the work performed by TBS does not fall within the scope of that technical meaning"). Accordingly, the Court rejects NGP's argument that the expert reports opine on an ultimate conclusion of law.

3. *Improper Extrinsic Evidence*

NGP argues that "the only portion of ATP's Response Evidence that the Court can properly consider is the Transaction Documents themselves." (ECF No. 99 at 8).  This Court has

already ruled that extrinsic evidence may be considered in a substance over form lawsuit. (Case No. 12-3425, ECF No. 122 at 11-14). The Court refers NGP to the Court's Order denying Diamond's Motion for Summary Judgment, which defines the contours of what extrinsic evidence may be considered. (Case No. 12-3425, ECF No. 165 at 2-13)("In accordance with this Court's ruling that it is not bound by characterizations or statements of intent, extrinsic evidence is discoverable and admissible—as long as it does not seek to alter an unambiguous contract "Term.").

   4. *Inadmissible Hearsay*

NGP argues that neither expert report is sworn nor submitted under penalty of perjury. (ECF No. 111-1 at 86-116; 127-144). Therefore, the reports do not comply with Rule 56 because the expert reports "cannot be presented in a form that would be admissible in evidence."[2] As such, the expert reports are currently incompetent summary judgment evidence.[3]

The Federal Rules state that "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may…give an opportunity to properly support or address the fact."[4] In accordance with Rule 56(e)(1), ATP has fourteen days from the date on which this order is entered to resubmit the Innes and Jones expert reports, sworn under penalty of perjury.

## Conclusion

The Court will enter an Order consistent with this Memorandum Opinion.

---

[2] FED R. CIV. P. 56(c)(2).
[3] *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) ("Evidence on summary judgment may be considered to the extent that it is not based on hearsay or other information that is not admissible at trial."); *Powell v. Dallas Morning News L.P.,* 776 F. Supp. 2d 240, 246 (N.D. Tex. 2011) (same). See also FED. R. CIV. P. 56(c).
[4] FED R. CIV. P. 56(e)(1).

SIGNED **December 19, 2013.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE