IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OHA INVESTMENT CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 12-03443 |
| | § | |
| ATP OIL & GAS CORPORATION | § | |
| and BENNU OIL & GAS, LLC, | § | |
| | § | |
| Defendants. | § | |

**OHA INVESTMENT CORPORATION'S MOTION FOR AN ORDER DISMISSING
OHA'S CLAIMS AGAINST ATP OIL & GAS CORPORATION
<u>WITHOUT PREJUDICE</u>**
[Relates to OHA Adv. Dkt. Nos. 69, 271][1]

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**THERE WILL BE A HEARING ON THIS MOTION AT 10:00 A.M. ON FEBRUARY 4, 2016 IN COURTROOM 404, 515 RUSK, HOUSTON, TX 77002.**

---

[1] This Motion (as defined herein) shall refer to documents filed in this adversary proceeding ("<u>Adversary Proceeding</u>") with the prefix "OHA Adv.," e.g. OHA Adv. Dkt. No. 1.  This Motion shall refer to documents filed in bankruptcy case styled *In re ATP Oil & Gas Corporation*, Case No. 12-36187 (the "<u>Bankruptcy Case</u>") with the prefix "Bankr." e.g. Bankr. Dkt. No. 1.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, OHA Investment Corporation f/k/a NGP Capital Resources Company ("OHA") and files this motion ("Motion") for an order dismissing, without prejudice, OHA's claims against ATP Oil & Gas Corporation ("ATP") and would show the Court as follows:

I.
**RELIEF REQUESTED**[2]

1. By this Motion, OHA seeks an order from this Court dismissing OHA's claims against ATP—as described in OHA's Complaint—without prejudice pursuant to the Stipulation between the Trustee, OHA and Bennu Oil & Gas, LLC ("Bennu").

2. Such dismissal is appropriate to effectuate the terms of the Stipulation, consensually resolve the Financing Issues, and to transition to Phase II of this litigation.

II.
**RELEVANT BACKGROUND**

3. On August 17, 2012 (the "Petition Date"), ATP filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), thereby commencing its Bankruptcy Case.

4. Prior to the Petition Date, pursuant to certain purchase and sale agreements and conveyance documents (respectively, the "PSAs" and the "Conveyance"), OHA was conveyed term overriding royalties (collectively, OHA's "Term ORRI") in certain outer continental shelf oil, gas, and mineral leases (collectively, the "Properties").

5. On October 17, 2012, OHA filed its original complaint against ATP [OHA Adv. Dkt. No. 1] thereby commencing this Adversary Proceeding. OHA subsequently amended its complaint on December 14, 2012 [OHA Adv. Dkt. No. 69] (as amended, the "Complaint"). By

---

[2] Capitalized terms that are not defined in this preliminary statement are otherwise defined *infra*.

its Complaint, OHA seeks declaratory relief from this Court with respect to the Term ORRI.[3]

6. Various oil and gas service companies intervened in the Adversary Proceeding[4], claiming that they hold liens against the Properties and that such liens also attach to OHA's Term ORRI and/or the production proceeds attributable thereto.[5]

7. Under its *First Amended Case Management Order* [OHA Adv. Dkt. No. 57], the Court bifurcated the trial of issues into two phases. In the first phase, the Court directed that it would consider the issues consisting of (1) whether the conveyance(s) and transaction(s) between OHA and ATP constituted outright transfers of ownership such that the subject interests are not property of the Debtor's estate; and (2) whether the conveyances of the subject interests are executory contracts or leases subject to rejection by the Debtor under 11 U.S.C. § 365 (as defined therein, the "Financing Issues").[6] The Court also directed that, until a determination of the Financing Issues, further pleadings in the Adversary Proceeding shall relate to the determination of the Financing Issues.[7] After the Court's determination of the Financing Issues in the first phase, the Court will consider additional issues in a second phase (the "Phase II Issues") based upon new pleadings to be administered under a separate case management order.[8]

8. On or about October 17, 2013, Bennu purchased certain assets from ATP including all claims against OHA for recharacterization of the Term ORRI and under 11 U.S.C. §

---

[3] *See* OHA's Complaint, OHA Adv. Dkt. No. 69 at 10-14.

[4] *See* OHA Adv. Dkt. Nos. 7, 10, 13, 14, 15, 16, 17, 20, 21, 23, and 29.

[5] *See* OHA Adv. Dkt. No. 10 at 2; OHA Adv. Dkt. No. 15 at 5.

[6] OHA Adv. Dkt. No. 57 at 1.

[7] *See* OHA Adv. Dkt. No. 57 at 1.

[8] OHA Adv. Dkt. No. 57 at 1. On March 21, 2013, this Court entered a *Second Amended Case Management Order* [OHA Adv. Dkt. No. 91], modifying certain discovery and pre-trial deadlines but maintaining the bifurcation of this Adversary Proceeding.

549.  On June 26, 2014, ATP's Bankruptcy Case was converted to a case under Chapter 7,[9] and Rodney D. Tow was appointed as Chapter 7 Trustee (in such capacity, the "Trustee").[10]

9. On February 24, 2015, the Trustee filed an amended counterclaim on behalf of ATP [OHA Adv. Dkt. No. 238] against OHA (the "Counterclaim").[11]

10. Effective April 22, 2015, Bennu and OHA entered into a Settlement and Release Agreement (the "Settlement Agreement") to fully resolve the Financing Issues.  And, on April 30, 2015, Bennu and OHA filed their Expedited Joint Motion to Enter Agreed Judgment [OHA Adv. Dkt. No. 238] (the "Motion for Agreed Judgment").  However, based on an objection filed by the Trustee, the Court declined to enter the Agreed Judgment and abated the Motion for Agreed Judgment for future consideration.

11. On October 16, 2015, the Trustee, OHA and Bennu filed a *Stipulation of Settlement and Release* [OHA Adv. Dkt. No. 271] (the "Stipulation") in this Adversary Proceeding, setting forth certain terms agreed to by OHA, Bennu and the Trustee to resolve the Financing Issues and other claims.  In connection therewith, the Trustee filed a *Motion to Compromise Controversy Under Bankruptcy Rule 9019* [Bankr. Dkt. No. 3628] (the "Motion to Compromise"), seeking an order approving the Stipulation.[12]

12. On December 14, 2015, the Court entered its order approving the Stipulation [Bankr. Dkt. No. 3628] (the "Approval Order").  The Approval Order also dismissed all of the Trustee's claims against OHA with prejudice.  Under the Stipulation, OHA agreed to, *inter alia*,

---

[9] Bankr. Dkt. No. 3163.

[10] Bankr. Dkt. No. 3165.

[11] Subsequently, the Court entered a case management order at OHA Adv. Dkt. No. 239, addressing the briefing schedule associated with the Trustee's Counterclaim. However, this subsequent order did not alter the bifurcation of the Adversary Proceeding.

[12] Attached the Motion to the Compromise as Exhibit 1 is a copy of the Stipulation.

file and prosecute a dismissal of all of its claims against ATP without prejudice upon the entry of a final, nonappealable order approving the Stipulation.[13] The Approval Order will become final on December 29, 2015.

### III.
### BASIS FOR RELIEF

13. Federal Rule of Civil Procedure 41[14] provides two methods by which claims may be voluntarily dismissed after the filing of an answer or motion for summary judgment. First, a plaintiff may dismiss any action without a court order—pursuant to Rule(41)(a)(1)(A)—by filing a stipulation of dismissal signed by all parties.[15] Second, claims may be dismissed by court order, on terms that the court considers proper pursuant to Rule 41(a)(2).[16]

14. Here, the relevant parties to the Financing Issues—OHA, Bennu and the Trustee—have negotiated in good faith and agreed to terms resolving the Financing Issues. No party is prejudiced by a dismissal of OHA's claims against ATP. Phase II Issues may be considered in accordance with the terms of this Court's scheduling and case management orders.[17]

### IV.
### CONCLUSION

WHEREFORE, OHA respectfully requests that the Court enter an order dismissing OHA's claims against ATP and granting OHA such other relief that is fair and just.

---

[13] Stipulation, OHA Adv. 271 at 10 ¶ 10.

[14] Fed. R. Civ. P. 41 is made applicable by Fed. R. Bankr. P. 7041, which provides that Rule 41 "applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper."

[15] Fed. R. Civ. P. 41(a)(1)(A)(ii).

[16] Fed. R. Civ. P. 41(a)(1)(B).

[17] *See* OHA Adv. Dkt. No. 57 , No. 91 and 239.

DATED: December 16, 2015      Respectfully submitted,

**THOMPSON & KNIGHT LLP**

By: /s/ *Tye Hancock*

    Tye C. Hancock
    Bar No. 24032271
    Mitchell E. Ayer
    Bar No. 01465500
    333 Clay Street, Suite 3300
    Houston, Texas 77002
    Telephone: (713) 654-8111
    Facsimile: (713) 654-1871

    David M. Bennett
    Bar No. 2139600
    Katharine Battaia Clark
    Bar No. 24046712
    1722 Routh Street, Suite 1500
    Dallas, Texas 75201
    Telephone: (214) 969-1700
    Facsimile: (214) 969-1751

**ATTORNEYS FOR OHA INVESTMENT CORPORATION**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on those parties entitled to notice via this Court's ECF system on this 16th day of December 2015.

                                          /s/ *Tye C. Hancock*
                                            Tye Hancock