

ENTERED
02/04/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 12-36187 |
| | § | |
| ATP OIL & GAS CORPORATION, | § | |
| | § | |
| Debtor | § | Chapter 7 |
| | § | |
| OHA INVESTMENT CORPORATION, fka | § | |
| NGP CAPITAL RESOURCES COMPANY, | § | |
| | § | |
| Plaintiff, | § | Adversary No. 12-03443 |
| v. | § | |
| | § | |
| ATP OIL & GAS CORPORATION | § | |
| and BENNU OIL & GAS, LLC, | § | |
| | § | |
| Defendants. | § | |

## AGREED FINAL JUDGMENT

The Court having considered (i) *NGP Capital Resources Company's First Amended Complaint for Declaratory Judgment Against ATP Oil & Gas Corporation* (the "Complaint") filed by OHA Investment Corporation f/k/a NGP Capital Resources Company ("OHA") on December 14, 2012 as Dkt. No. 69 in the above-captioned adversary proceeding ("Adversary Proceeding"); (ii) the counterclaim asserted in *ATP Oil & Gas Corporation's Answer, Affirmative Defenses, and Counterclaims in Response to NGP Capital Resources Company's Complaint for Declaratory Judgment* (such counterclaim being the "Counterclaim") that was filed by ATP Oil & Gas Corporation ("ATP" or "Debtor") on October 31, 2012 as Dkt. No. 27 in the Adversary Proceeding; (iii) the Bankruptcy Court's *First Amended Case Management Order* that was entered on November 29, 2012 in the Adversary Proceeding as Dkt. No. 57 as it was amended by the Bankruptcy Court's *Second Amended Case Management Order* (as amended the "Case Management Order") that was entered in the Adversary Proceeding on March 21, 2013 as

AGREED FINAL JUDGMENT – PAGE 1
507055 000037 14387370.7

Dkt. No. 91; (iv) this Court's *Final Order (A) Approving the Sale of Certain of the Debtor's Assets Free and Clear of Claims and Liens and (B) Approving the Assumption and Assignment of Contracts and Leases* (the "Sale Order") entered on October 17, 2013 as Dkt. No. 2706 in the above-captioned bankruptcy (the "Bankruptcy Case"); (v) this Court's *Order Granting Motion to Substitute Bennu Oil and Gas, LLC for ATP Oil & Gas Corporation With Respect to Claims Relating to Assets Purchased by Bennu* (the "Substitution Order") entered on May 20, 2014 as Dkt. No. 172 in the Adversary Proceeding; (vi) this Court's *Order* (the "Ownership Order") entered on January 28, 2015 as Dkt. No. 236 in the Adversary Proceeding; (vii) the *Expedited Joint Motion by Bennu and OHA to Enter Agreed Judgment* (the "Joint Motion") filed by OHA and Bennu Oil and Gas, LLC ("Bennu" and together with OHA, the "Parties") on ____, 2015 as Dkt. No. ___ in the Adversary Proceeding; and (viii) all other pleadings and arguments of counsel made in the Adversary Proceeding pertaining to the "Financing Issues" (as such term is defined in the Case Management Order), the Complaint, the Counterclaim, the Sale Order, the Substitution Order, the Ownership Order, and the Joint Motion; and, after consideration of the foregoing, it appearing to the Court that good and sufficient cause exists for granting the Joint Motion and entering this Agreed Final Judgment ("Final Judgment"); and having given due deliberation upon the Joint Motion, the Final Judgment, and the record in this Adversary Proceeding;

**THE PARTIES HEREBY STIPULATE AND THE COURT FINDS THAT:**

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 because this is a proceeding arising in, arising under, and relating to Debtor's chapter 11 bankruptcy filing.

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.  This Court has authority to enter this Final Judgment as a final adjudication of the rights described herein pursuant to the United States Constitution, 28 U.S.C. § 157, and United States District Court General Order 2012-6, entered May 24, 2012, referring this matter to this Court.

D.  Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because the chapter 11 case to which this proceeding relates is pending in this district.

E.  On or about June 20, 2011 and pursuant to that certain (i) *Purchase and Sale Agreement*, dated June 20, 2011, by and between ATP, as Seller, and OHA, as Purchaser, (the "Original PSA") and (ii) *Conveyance of Term Overriding Royalty Interest*, dated effective June 1, 2011 (the "Original Conveyance"), ATP, as Grantor, conveyed to OHA, as Assignee, interests in hydrocarbons termed therein as "term overriding royalty interests" equal to (A) 10.80% of eight-eighths of the value of all hydrocarbons produced, saved and sold from that part of the Outer Continental Shelf ("OCS") designated as Mississippi Canyon Block 711, OCS-G 14016 (such interest of OHA's being "MC 711"), (B) 8.1% of eight-eighths of the value of all hydrocarbons produced, saved and sold from that part of the OCS designated as Mississippi Canyon Block 754, OCS-G 24104 (such interest of OHA's being "MC 754"), and (C) 10.80% of eight-eighths of the value of all hydrocarbons produced, saved and sold from that part of the OCS designated as Mississippi Canyon Block 755, OCS-G 24105 (such interest of OHA's being "MC 755").

F.  On or about December 29, 2011 and pursuant to that certain (i) *First Supplemental Purchase and Sale Agreement*, dated December 29, 2011, by and between ATP, as Seller, and OHA, as Purchaser, (the "First Supplemental PSA"), and (ii) *First Supplement and Amendment to Conveyance of Term Royalty Interest*, dated December 29, 2011, from ATP, as

Grantor, to OHA, as Grantee, (the "Supplemental Conveyance"), ATP conveyed additional interests in hydrocarbons termed therein as "term overriding royalty interests" to OHA by increasing the "Primary Sum" (as defined in the Original Conveyance and as amended in the Supplemental Conveyance and Second Supplement Conveyance (as defined below)) used in the formula governing termination of the term overriding royalty.

G.  On or about July 2, 2012 and pursuant to that certain (i) *Second Supplemental Purchase and Sale Agreement*, dated July 2, 2012, by and between ATP, as Seller, and OHA, as Purchaser, (the "Second Supplemental PSA"), and (ii) *Second Supplement and Amendment to Conveyance of Term Overriding Royalty Interest*, dated July 2, 2012, from ATP, as Grantor, to OHA, as Grantee, (the "Second Supplemental Conveyance"), the Debtor again conveyed additional interests in hydrocarbons termed therein as "term overriding royalty interests" to OHA by increasing the Primary Sum used in the formula governing termination of the term overriding royalty and also conveyed to OHA, as Grantee, interests in hydrocarbons termed therein as "term overriding royalty interests" equal to (A) 5.0% of eight-eighths of the value of all hydrocarbons produced, saved and sold from that part of the OCS designated as Mississippi Canyon Block 942, OCS-G 24130 (such interest of OHA's being "MC 942"), (B) 5.0% of eight-eighths of the value of all hydrocarbons produced, saved and sold from that part of the OCS designated as Mississippi Canyon Block 941, OCS-G 16661 (such interest of OHA's being "MC 941"), and (C) 5.0% of eight-eighths of the value of all hydrocarbons produced, saved and sold from that part of the OCS designated as Atwater Valley Block 63, OCS-G 13198 (such interest of OHA's being "AT 63").

H.  The Original Conveyance, Supplemental Conveyance, and Second Supplemental Conveyance are referred to collectively herein as the "Conveyance" and when combined with the

Original PSA, the First Supplemental PSA, and the Second Supplemental PSA, the "Transaction Documents."

I.  The term overriding royalty interests granted by ATP to OHA pursuant thereto are referred to collectively as the "Term ORRIs". For the avoidance of doubt, the Term ORRIs are collectively the interests granted to OHA that are defined *supra* as MC 711, MC 754, MC 755, MC 942, MC 941, and AT 63.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  This Agreed Final Judgment constitutes a declaration of the parties rights and other legal relations as described herein pursuant to 28 U.S.C. § 2201 *et seq.* and a Final Judgment pursuant to Fed. R. Civ. P. 54 and Fed. R. Bankr. P. 7054. Moreover, the findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

2.  Pursuant to the Conveyance, ATP duly and absolutely conveyed the Term ORRIs to OHA.

3.  The Terms ORRIs are a real interest in property and, in the State of Louisiana, an immovable property interest and a real right.

4.  The Term ORRIs constitute a "production payment" within the meaning of Sections 101(42A) and 541(b) of Title 11 of the United States Code (the "Bankruptcy Code").

5.  The Term ORRIs are not, and never were, property of the bankruptcy estate of ATP.

6. None of the Transaction Documents are executory contracts or unexpired leases as such term is used in Bankruptcy Code § 365.

7. This Final Judgment resolves all controversies regarding the Financing Issues and all claims by and among the Parties relating thereto are hereby resolved.

8. This agreed judgment is a "Final Judgment" pursuant to Fed. R. Civ. P. 54 and Fed. R. Bankr. P. 7054.

9. Any M&M Claimant who challenges the findings or decrees in this Agreed Final Judgment must do so by appeal filed not later than February 18, 2016.

10. The rights of the M&M Claimants to assert their lien rights, if any, are unaffected by this Agreed Final Judgment, except to the extent that any such rights are inconsistent with the findings or decrees in this Agreed Final Judgment.

11. This Agreed Final Judgment is the product of a negotiated settlement. Consequently, this Agreed Final Judgment is intended to have res judicata and collateral estoppel effect, but no precedential effect. The rights of OHA, BENNU, the Trustee, the M&M Claimants or any other party are not affected, except as expressly set forth in this Agreed Final Judgment.

2-4-16

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE