**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 12-36187 |
| | § | |
| ATP OIL & GAS CORPORATION, | § | |
| | § | |
| Debtor | § | Chapter 7 |
| | § | |
| OHA INVESTMENT CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | ADVERSARY NO. 12-03443 |
| | § | |
| ATP OIL & GAS CORPORATION, | § | |
| And BENNU OIL & GAS, LLC | § | |
| | § | |
| Defendants. | § | |

**OHA INVESTMENT CORPORATION'S MOTION TO WITHDRAW THE**
**REFERENCE WITH RESPECT TO THE "PHASE II" CLAIMS**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU
AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A
RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST
FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE
THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE
MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY
RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER
NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT
REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.
UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY
CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE
MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

**THERE WILL BE A HEARING ON THIS MOTION AT 2:00 P.M. ON
MARCH 24, 2016 IN COURTROOM 404, 515 RUSK, HOUSTON, TX
77002.**

COMES NOW OHA Investment Corporation f/k/a NGP Capital Resources Company ("OHA") and files this motion to withdraw the reference (the "Motion"), and would respectfully show the Court as follows:

## I.     RELIEF REQUESTED

1.     OHA requests that this Court report and recommend withdrawal of the reference of this adversary proceeding to the District Court pursuant to 28 U.S.C. § 157(d).

## II.     FACTUAL BACKGROUND

2.     On August 17, 2012 (the "Petition Date"), ATP filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.  On that same date, the Debtor filed a motion seeking authorization to pay post-petition funds attributable to overriding royalty interests [Bankr. Dkt. No. 15] (the "Payment Motion").

3.     Prior to the Petition Date, pursuant to certain PSAs and a duly recorded Conveyance dated June 1, 2011 (and two Supplements and Amendments to the Conveyance, herein in the aggregate the "Conveyance"), OHA purchased certain term overriding royalties (the "Term Overriding Royalties") in certain outer continental shelf oil, gas, and mineral leases to submerged lands – known generally as the "Gomez and Telemark Properties" – for $65 million. Under the Conveyance, OHA is entitled to receive its proportionate share of the proceeds of any and all hydrocarbons produced, saved and sold from the Properties for each production month until such time as the sum of the royalty proceeds actually received by OHA under the Conveyance equals the "Total Sum" as defined in section 3.3 of the Conveyance.

4.     On August 23, 2012, the Court entered an order authorizing the payment by the Debtor of funds attributable to certain overriding royalty interests and net profits interests [Bankr. Dkt. No. 191] (the "Payment Order").

2

5.      On October 17, 2012, OHA filed its Complaint [Dkt. No. 1] (the "Complaint") in this proceeding against ATP.  On December 14, 2012, OHA filed its First Amended Complaint [Dkt. No. 69] (the "Amended Complaint").  As more fully described in the Amended Complaint, OHA sought a declaratory judgment that the Term Overriding Royalties are property of OHA and/or are not property of the ATP bankruptcy estate.  OHA further sought a declaration that the Conveyance and the instruments giving rise to the Conveyance are not executory contracts that may be rejected.

6.      On October 24, 2012, this Court entered a Case Management Order [Dkt. No. 6], setting the deadline for the filing of motions to intervene and the Debtor's answer as October 31, 2012.

7.      On or before October 31, several parties asserting a lien against certain of the Debtor's property filed motions to intervene,[1] and the motions were granted as set forth in this Court's November 27, 2012 Order [Dkt. No. 50] (the "Intervention Order").

8.      On November 29, 2012, the Court entered an Amended Case Management Order, bifurcating the issues before the Court such that the issues of "(i) whether the conveyance(s) and transaction(s) between Plaintiffs and Defendant constituted outright transfers of ownership of the subject interest to Plaintiffs such that the subject interests are not property of the Debtor's estate; and (ii) whether the conveyances of the subject interests are executory contracts or leases which the Debtor may reject under 11 U.S.C. § 365" (defined in the Order as the "Financing Issues") will be tried in the first phase.  And, any remaining issues (the "Phase II Claims") will be adjudicated under a separate case management order to be issued after a determination of the Financing Issues.  The Order further required that, until a determination of the Financing Issues,

---

[1] *See* Dkt. Nos. 7, 10, 14-15, 17, 20-21 & 29 (asserting liens on the Properties based on goods and/or services delivered).

"further pleadings in this proceeding shall relate to the determination of the Financing Issues." [*See* Dkt. No. 57 at para. 1]. Significantly, the Court directed that Intervenors "must file Rule 24(c) pleadings setting forth their claims and defenses by Dec. 13, 2012, *relating to the Financing Issues*." [*See id*. at para. 4 (emphasis added)].

       9.      On December 13, 2012, the Intervenor Complaints were filed as follows:

- Dkt. No. 62 - Frank's Casing Crew and Rental Tools, Inc.

- Dkt. No. 63 - Warrior Energy Services Corporation, Fastorq, L.L.C., Stabil Drill Specialties, L.L.C., Workstrings International, L.L.C., and Superior Energy Services, L.L.C., d/b/a Superior Completion Services

- Dkt. No. 64 - Harvey Gulf International Marine, LLC, Hornbeck Offshore Services, LLC, Expeditors and Production Services, Inc., and EPS Cargo Handlers Company, Inc.

    - Dkt. No. 131 – First Amended Complaint by Harvey Gulf International Marine, LLC, Hornbeck Offshore Services, LLC, Expeditors and Production Services, Inc., and EPS Cargo Handlers Company, Inc.

- Dkt. No. 65 - Schlumberger Technology Corporation, M-I L.L.C. d/b/a M-I SWACO, Smith International, Inc., Wireline Control Services, LLC, Nabors Offshore Corporation, Canrig Drilling Technology, Ltd., and Supreme Service & Specialty Co. Inc. (the "<u>Schlumberger Complaint</u>")

- Dkt. No. 66 - Champion Technologies, Inc. and Offshore Energy Services, Inc.

- Dkt. No. 67 - Gulf Offshore Logistics, L.L.C., Martin Holdings, L.L.C., C-Port/Stone, L.L.C., and Offshore Service Vessels, L.L.C.

      10.     The Schlumberger Complaint is the only Intervenor Complaint that nominally sought relief with respect to the Financing Issues (*see* Dkt. No. 65 at para. 21). On December 19, 2012, *OHA filed its Motion to Strike, Dismiss, or Alternatively, Abate Complaints in Intervention filed by Certain Alleged Lien Claimants in Violation of Amended Case Management Order* [Dkt. No. 70] (the "<u>Motion to Dismiss</u>"). The Court did not set a hearing on the Motion to

4

Dismiss.  Accordingly, pursuant to the Amended Case Management Order, Phase II of the litigation was - in effect - abated pending a resolution of Phase I.

11.    The Intervenor Complaints assert claims against OHA, generally seeking declaratory relief:  (1) that they hold statutory privileges under the Louisiana Oil Well Lien Act ("LOWLA") against ATP's operating or leasehold interest in the Gomez and/or Telemark Properties; (2) that the Term Overriding Royalties were transferred to OHA subject to their privileges; and (3) that payments made to OHA must be disgorged until their privileges are satisfied.  All of the Intervenor Complaints are premised on the theory that privileges arising under LOWLA attach to overriding royalty interests.

12.    On or about October 17, 2013, Bennu purchased certain assets from ATP including all claims against OHA for recharacterization of the Term Overriding Royalties and under 11 U.S.C. § 549.[2]  On June 26, 2014, ATP's Bankruptcy Case was converted to a case under Chapter 7,[3] and Rodney D. Tow was appointed as Chapter 7 Trustee (in such capacity, the "Trustee").[4]

13.    Effective April 22, 2015, Bennu and OHA entered into a Settlement and Release Agreement (the "Settlement Agreement") to fully resolve the Financing Issues.  And, on April 30, 2015, Bennu and OHA filed their Expedited Joint Motion to Enter Agreed Judgment [OHA Adv. Dkt. No. 238] (the "Motion for Agreed Judgment").  On October 16, 2015, the Trustee, OHA and Bennu jointly filed a *Stipulation of Settlement and Release* [OHA Adv. Dkt. No. 271] (the "Stipulation") to resolve the Financing Issues, as well as, other claims.  In connection therewith, the Trustee filed a *Motion to Compromise Controversy Under Bankruptcy Rule 9019*

---

[2] Bankr. Dkt. No. 2706 (sale order); Adv. Dkt. No. 236 (order on ownership motion);  Adv. Dkt. No. 296, Memorandum Opinion, Case No. 12-03425.
[3] Bankr. Dkt. No. 3163.
[4] Bankr. Dkt. No. 3165.

507055 000037 16474874.2

[Bankr. Dkt. No. 3628] (the "<u>Motion to Compromise</u>"), seeking an order approving the Stipulation.[5]

14.     On December 14, 2015, the Court entered its order approving the Stipulation. And, on February 4, 2016, the Court entered a Final Agreed Judgment under Federal Rule of Civil Procedure 54(b) adjudicating the Financing Issues and concluding Phase I.  Accordingly, OHA submits this Motion with respect to the Phase II Claims.

### III.    ARGUMENT

#### A.  Withdrawal of the Reference is Mandatory Based on the Nature of the Phase II Claims

15.     Under Southern District General Order No. 2012-6, in accordance with 28 U.S.C. § 157(a), bankruptcy cases and proceedings under Title 11 or arising in or related to a case under Title 11 of the United States Code are automatically referred to the bankruptcy judges. However, 28 U.S.C. § 157(d) provides that withdrawal of the reference is mandatory under certain circumstances.  The statute provides that:

> The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

16.     The resolution of a proceeding "requires consideration" if it requires material and substantial consideration of both Title 11 and other non-bankruptcy federal law.  *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 348 (S.D. Tex. 2009).  This requires a finding that "the claim will involve an interpretation of the federal law rather than the mere application of well-settled law." *Id*. at 348; *but see, e.g., Martin v. Friedman*, 133 B.R. 609, 612 (N.D. Ohio

---

[5] Attached the Motion to the Compromise as <u>Exhibit 1</u> is a copy of the Stipulation.

1991) (rejecting substantial and material test and adopting broad test requiring withdrawal anytime other federal law is considered).  "Given Congress's intent to keep non-bankruptcy questions in district courts, which are more experienced at handling questions of non-bankruptcy federal law than the specialized bankruptcy courts, it would make no sense to prevent withdrawal from a bankruptcy court where there is a lack of bankruptcy questions."  *In re Contemporary Lithographers, Inc*, 127 B.R. 122, 128 (M.D.N.C. 1991).

17.    It is undisputed that this matter involves the consideration and interpretation of the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331 et seq. (the "OCSLA") because the Properties and the Term Overriding Royalties are located in the United States Outer Continental Shelf.  OCSLA applies the law of the adjacent state (Louisiana) as surrogate Federal law to the extent not inconsistent with federal law. Adv. Dkt. No. 145 at 8 (Memorandum Opinion, January 6, 2014); 43 U.S.C. § 1333(a)(2)(A).  The Intervenor Complaints seek declaratory judgments regarding their rights under the Louisiana Oil Well Lien Act, La. R.S. § 9:4861, et seq. ("LOWLA"), as surrogate federal law.  The claims require a determination as to whether the Intervenors hold a valid privilege under LOWLA and whether any such privilege attaches to the Term Overriding Royalties.  This requires substantial and material consideration of LOWLA, through OCSLA, and hence, consideration of the laws of the United States.

18.    Because Phase II of this litigation was effectively abated by the Court until the determination of the Financing Issues, no activity has taken place with respect to the Phase II claims.  The characterization issues determined in Phase I were indisputably distinct and separate from the claims of the Intervenors, which have not been addressed.    Accordingly, this Motion is timely and was filed within thirty days of the determination of the Financing Issues.  *Cf*, General

Order No. 2011-12 (S.D.TX.) (a party should move to withdraw reference within 90 days of the operative complaint or notice of removal).

**B. Alternatively, Withdrawal of the Reference is Appropriate Under the Applicable Permissive Standard**

19.     To the extent that the Court recommends that mandatory withdrawal is not required under the statute, OHA requests that the Court recommend permissive withdrawal of the reference.

20.     In determining whether cause exists for withdrawing the reference permissively, courts consider whether the issues are core or non-core, whether withdrawal would foster judicial economy and economical use of the parties' resources, whether withdrawal would expedite the bankruptcy process and promote uniformity in bankruptcy administration, whether withdrawal reduces forum shopping, and whether jury demands have been made.  *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985).  In considering whether the matter is core or non-core, courts focus on whether the bankruptcy court has the final power to adjudicate the issue in controversy.  *See Albert v. Sit Mgmt.*, 506 B.R. 453, 456 (D. Md. 2014); *Pereira v. Garritano (In re Connie's Trading Corp.)*, 2014 U.S. Dist. LEXIS 63730 (S.D.N.Y. May 8, 2014).

21.     The Phase II claims consist of claims between non-debtor parties relating to (i) the extent, validity, and priority of the privileges asserted by the Intervenors against the Term Overriding Royalties, and (ii) and the effect on the underlying oil and gas properties in the event the asserted privileges attach to the Term Overriding Royalties.  Because neither the Term Overriding Royalties nor the Properties are owned by the bankruptcy estate, the conceivable affect of the Phase II claims on the bankruptcy estate is indirect and minimal.  The Phase II issues are clearly non-core.  Under *Stern v. Marshall*, 131 S.Ct. 2594 (2011), this Court lacks

8

constitutional authority to render a final determination in this proceeding and therefore, withdrawal of the reference is warranted. Bankruptcy courts cannot finally determine actions that are "independent of federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in the bankruptcy." *Id*. at 2611. The Intervenor Complaints involve claims that arise under OCSLA/LOWLA and stem from non-bankruptcy law and private rights. *See Stern*, 131 S.Ct. at 2611.

22.     The other factors favor withdrawal of the reference. Phase II of this proceeding has not progressed in any respect; therefore, as it relates to the Phase II claims, this Court does not have particular knowledge that would enable it to determine the dispute more efficiently than the district court.     Also, the Court does not have any specialized knowledge regarding the underlying claims, OCSLA, or LOWLA, that would promote judicial economy. Further, as noted above, the Bankruptcy Court cannot enter a final judgment in Phase II; so, it would be more efficient for the dispute to be heard once in the district court – rather than heard by the district court after consideration, report and recommendation by this Court.

23.     The speed of the bankruptcy process and uniformity of bankruptcy administration weigh in favor of withdrawal because this proceeding will not affect resolution of the main bankruptcy case as the claims at issue are between non-debtor third parties. For the same reason, withdrawal will not affect the Debtor's resources, and the resources of OHA and the Intervenors would not be negatively affected by the withdrawal. Also, withdrawal of the reference will not encourage forum shopping because the claims at issue clearly do not arise in or under the Bankruptcy Code and must ultimately be considered by the district court anyway. Accordingly, consideration by the district court in the first instance is appropriate.

DATED: February 5, 2016

Respectfully submitted,

**THOMPSON & KNIGHT LLP**

By: /s/ *Tye Hancock*

    Tye C. Hancock
    Bar No. 24032271
    Mitchell E. Ayer
    Bar No. 01465500
    333 Clay Street, Suite 3300
    Houston, Texas 77002
    Telephone: (713) 654-8111
    Facsimile: (713) 654-1871

    David M. Bennett
    Bar No. 2139600
    Katharine Battaia Clark
    Bar No. 24046712
    1722 Routh Street, Suite 1500
    Dallas, Texas 75201
    Telephone: (214) 969-1700
    Facsimile: (214) 969-1751

**ATTORNEYS FOR OHA INVESTMENT CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and correct copy of the foregoing was served on those parties entitled to notice via this Court's ECF system and upon the parties on the attached service list by regular US mail on this 5th day of February, 2016.

        /s/*Tye C. Hancock*
        Tye C. Hancock

## SERVICE LIST

Bennu Oil & Gas, LLC
4600 Post Oak Place, Suite 100
Houston, TX 77027

**DEFENDANT**

Andrew J. Gallo
MORGAN, LEWIS & BOCKIUS LLP
One Federal St
Boston, MA 02110
andrew.gallo@morganlewis.com

Sean B. Davis
WINSTEAD PC
1100 JPMorgan Chase Tower
600 Travis Street
Houston, TX 77002
sbdavis@winstead.com

Phillip L Lamberson
WINSTEAD PC
500 Winstead Building
2728 N. Harwood Street
Dallas, TX 75201
plamberson@winstead.com

**ATTORNEYS FOR BENNU OIL & GAS, LLC**

Rodney D. Tow
TOW AND KOENIG PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380
rtow@towkoenig.com

**TRUSTEE**

Charles M. Rubio
DIAMOND MCCARTHY, LLP
909 Fannin Street, Suite 1500
Houston, TX 77010
crubio@diamondmccarthy.com

**COUNSEL FOR TRUSTEE IN MAIN
BANKRUPTCY**

Chris Lindstrom
COOPER & SCULLY, P.C.
815 Walker Street, Suite 1040
Houston, Texas 77002
Chris.Lindstrom@cooperscully.com

Timothy Micah Dortch
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, TX 75202
Micah.Dortch@cooperscully.com

**ATTORNEY IN CHARGE FOR RODNEY TOW,
TRUSTEE**

Robin B. Cheatham
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139-4500
robin.cheatham@arlaw.com

**ATTORNEYS FOR HARVEY GULF
INTERNATIONAL MARINE, LLC,
HORNBECK OFFSHORE SERVICES, L.L.C.,
EXPEDITORS & PRODUCTION SERVICES,
INC., EPS CARGO HANDLERS COMPANY,
AND EPS LOGISTICS COMPANY**

Paul M Davis
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, TX 77002
pauldavis@andrewskurth.com

John J. Sparacino
VORYS, SATER, SEYMOUR & PEASE LLP
700 Louisiana Street, Suite 4100
Houston, Texas 77002
jjsparacino@vorys.com

**ATTORNEYS FOR THE BANK OF NEW
YORK MELLON TRUST COMPANY, N.A.**

11

507055 000037 16474874.2

Brian D. Wallace
Allen C. Miller
Evan Dicharry
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
brian.wallace@phelps.com
allen.miller@phelps.com
evan.dicharry@phelps.com

**ATTORNEYS FOR CREDITORS, GULF OFFSHORE LOGISTICS, L.L.C., MARTIN HOLDINGS, L.L.C., C-PORT/STONE L.L.C., OFFSHORE SERVICE VESSELS, L.L.C. AND BARRY GRAHAM OIL SERVICE, L.L.C.**

Phil F. Snow
Kenneth Green
Ross Spence
SNOW FOGEL SPENCE LLP
2929 Allen Parkway, Suite 4100
Houston, TX 77019
philsnow@snowfogel.com
kennethgreen@snowfogel.com
rossspence@snowfogel.com

**ATTORNEYS FOR SCHLUMBERGER TECHNOLOGY CORPORATION, M-I L.L.C. D/B/A M-I SWACO, SMITH INTERNATIONAL, INC., WIRELINE CONTROL SERVICES, LLC, NABORS OFFSHORE CORPORATION, CANRIG DRILLING TECHNOLOGY, LTD., AND SUPREME SERVICE & SPECIALTY CO. INC.**

Michael D. Rubenstein
LISKOW & LEWIS
1001 Fannin Street, Ste. 1800
Houston, Texas 77002
mdrubenstein@liskow.com

**ATTORNEYS FOR CHAMPION TECHNOLOGIES, INC. AND OFFSHORE ENERGY SERVICES INC.**

Stewart F. Peck
Christopher T. Caplinger
Benjamin W. Kadden
LUGENBUHL, WHEATON, PECK, RANKIN 601
Poydras Street, Suite 2775
New Orleans, LA 70130
speck@lawla.com
ccaplinger@lawla.com
bkadden@lawla.com

**ATTORNEYS FOR WARRIOR ENERGY SERVICES CORPORATION, FASTORQ, L.L.C., STABIL DRILL SPECIALTIES, L.L.C., WORKSTRINGS  INTERNATIONAL, L.L.C., AND SUPERIOR ENERGY SERVICES, L.L.C.**

J. Christopher Kohn
Kathie Shahan
Victor W. Zhao
Commercial Litigation Branch
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
victor.w.zhao@usdoj.gov

**COUNSEL FOR THE UNITED STATES**

12