**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ATP OIL & GAS CORPORATION** | § | **Case No. 12-36187** |
| | § | **Chapter 11** |
| | § | |
| DEBTOR. | § | |
| **OHA INVESTMENT CORPORATION** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | **Adversary No. 12-03443** |
| | § | |
| **ATP OIL & GAS CORPORATION AND,** | § | |
| **BENNU OIL & GAS, LLC** | § | |
| | § | |
| Defendants. | § | |

**JOINT RESPONSE OF CERTAIN STATUTORY LIENHOLDER INTERVENORS
TO OHA INVESTMENT CORPORATION'S MOTION TO WITHDRAW THE
REFERENCE WITH RESPECT TO THE "PHASE II" CLAIMS**
**[Relates to Docket No. 278]**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Schlumberger Technology Corporation, Wireline Control Services, LLC, Supreme Service & Specialty Co Inc., Smith International, Inc., M-I L.L.C. d/b/a M-I SWACO, Canrig Drilling Technology, Ltd., Champion Technologies, Inc., Offshore Energy Services, Inc., Stabil Drill Specialties, L.L.C., Fastorq, L.L.C., Workstrings International, L.L.C., Superior Energy Services, L.L.C., d/b/a Superior Completion Services, Warrior Energy Services Corporation, Harvey Gulf International Marine, Inc., Expeditors and Production Services, Inc., EPS Cargo Handlers Company, Inc. and Hornbeck Offshore Services, LLC (collectively, "M&M Intervenors") file this Joint Response to OHA Investment Corporation's Motion to Withdraw the Reference with Respect to the "Phase II" Claims and would show the Court as follows:

1

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On August 17, 2012 (the "Petition Date"), ATP filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. As part of its first-day motions, the Debtor filed its *Emergency Motion for an Order Authorizing (i) Payment of Funds Attributable to Overriding Royalty Interests in the Ordinary Course of Business and (ii) Payment of Funds Attributable to Net Profits Interests Subject to Further Order of the Court Requiring Disgorgement Thereof Pursuant to (a) Sections 105(a), 363(b) and 541(a) of the Bankruptcy Code and (b) the Procedures for Complex Chapter 11 Bankruptcy Cases for the United States Bankruptcy Court for the Southern District of Texas* ("ORRI/NPI Payment Motion") [Docket No. 15 in Bankruptcy Case No. 12-36187].

3.      On August 20, 2012, Warrior Energy Services Corporation and Superior Energy Services, L.L.C. filed an objection to the ORRI/NPI Payment Motion   [Docket No. 75 in Bankruptcy Case No. 12-36187].

4.      Also on August 20, 2012, Schlumberger Technology Corporation, Wireline Control Services, LLC, Smith International, Inc., M-I L.L.C. d/b/a M-I SWACO filed an objection to the ORRI/NPI Payment Motion. [Docket No. 81 in Bankruptcy Case No. 12-36187].

5.      On August 23, 2012 the Court entered its *Order Regarding Debtor's Emergency Motion for an Order Authorizing (1) Payment of Funds Attributable to Overriding Royalty Interests in the Ordinary Course of Business and (2) Payment of Funds Attributable to Net Profits Interests Subject to Further Order of the Court Requiring Disgorgement Thereof Pursuant to (A)*

Sections 105(a), 363(b) and 541(a) of the Bankruptcy Code and (B) the Procedures for Complex Chapter 11 Bankruptcy Cases for the United States Bankruptcy Court for the Southern District of Texas (the "ORRI and NPI Payment Order") [Docket No. 191 in Bankruptcy Case No. 12-36187].

6.      On October 17, 2012, Plaintiff filed its complaint initiating the above-referenced adversary proceeding (the "Complaint") [Docket No. 1].  The Complaint sought a declaratory judgment that certain perpetual overriding royalty interests, term overriding royalty interests and net profits interests (collectively, the "Conveyances") were: (i) property of the Plaintiff and not property of ATP's estate and (ii) not executory contracts or lease interests that ATP could reject. Shortly thereafter, M&M Intervenors filed motions to intervene in this adversary to assert their respective claims as contemplated in the ORRI and NPI Payment Order.

7.      On November 28, 2012, the Count entered an order allowing M&M Intervenors (and other parties) to intervene in the adversary proceeding [Docket No. 54].  M&M Intervenors thereafter filed the below listed complaints in intervention (the "Complaints in Intervention") seeking, *inter alia*: (i) declaratory judgments that the Conveyances from the Debtor to the Plaintiff was transferred subject to the M&M Intervenors' liens and (ii) turnover of payments made by the Debtor to the Plaintiff pursuant to the Conveyance instruments and the ORRI and NPI Payment Order[1]:

---

[1] The ORRI and NPI Payment Order (Docket No. 191) provides in relevant part that: "[t]he right of any party in interest claiming to hold a mechanic's and materialman's or similar statutory lien or privilege on any property to which a Subject Interest relates, to assert in a proper proceeding that such party's lien or privilege (A) extends to any such funds distributed pursuant to this Order, (B) is senior and superior to the interests of any such Subject Interest holder, or (C) to seek disgorgement, turnover or other relief in connection therewith . are fully preserved … any holder of an alleged lien that is alleged to encumber any such Subject Interest ... shall be entitled to seek a declaration of relative rights with respect to any Subject Interest or proceeds thereof pursuant to a contested matter and to seek expedited hearing on any motion brought seeking such a declaration; provided, that any party-in-interest may demand that such contested matter be treated as an adversary proceeding with the adversary rules to apply."

| Date | Docket No. | Description |
|---|---|---|
| | | |
| 12/13/2012 | 63 | Intervenor Complaint 4:12-ap-3443 by Fastorq, L.L.C., Stabil Drill Specialties, L.L.C., Superior Energy Services, L.L.C., d/b/a Superior Completion Services, Warrior Energy Services Corporation, Workstrings International, L.L.C. against ATP Oil & Gas Corporation, NGP Capital Resources Company. (Attachments: # 1 Exhibit A) (Kadden, Benjamin) (Entered: 12/13/2012) |
| 12/13/2012 | 64 | Intervenor Complaint 4:12-ap-3443 by EPS Cargo Handlers Company, Expeditors and Production Services Company, Harvey Gulf International Marine Inc, Hornbeck Offshore Services, LLC against ATP Oil & Gas Corporation, NGP Capital Resources Company. (Attachments: # 1 Exhibit A) (Cheatham, Robin) (Entered: 12/13/2012) |
| 12/13/2012 | 65 | Intervenor Complaint 4:12-ap-3443 by Canrig Drilling Technology, Ltd., M-I L.L.C. d/b/a M-I SWACO, Nabors Offshore Corporation, Schlumberger Technology Corporation, Smith International, Inc., Supreme Service & Specialty Co Inc, Wireline Control Services, LLC against ATP Oil & Gas Corporation, NGP Capital Resources Company. (Attachments: # 1 Index # 2 Exhibit A-1# 3 Exhibit A-2# 4 Exhibit B# 5 Exhibit C-1# 6 Exhibit C-2# 7 Exhibit D# 8 Exhibit E-1# 9 Exhibit E-2# 10 Exhibit F# 11 Exhibit G-1# 12 Exhibit G-2) (Green, Kenneth) (Entered: 12/13/2012) |
| 12/13/2012 | 66 | Intervenor Complaint 4:12-ap-3443 by Champion Technologies, Inc., Offshore Energy Services, Inc. against NGP Capital Resources Company. (Attachments: # 1 Exhibit) (Rubenstein, Michael) (Entered: 12/13/2012). |
| 9/4/2013 | 131 | First Amended Intervenor Complaint 4:12-ap-3443 by EPS Logistics Company, Expeditors and Production Services Company, Harvey Gulf International Marine Inc, Hornbeck Offshore Services, LLC against ATP Oil & Gas Corporation, NGP Capital Resources Company. (Attachments: # 1 Exhibit A) (Cheatham, Robin). Related document (s) 64 Complaint filed by Creditor Harvey Gulf International Marine Inc, Creditor Hornbeck Offshore Services, LLC, Creditor Expeditors and Production Services Company, Creditor EPS Cargo Handlers Company. (Entered: 09/04/2013) |
| 2/16/2016 | 282 | Second Amended Complaint in Intervention Related document(s) 64 Intervenor Complaint filed by Creditor Harvey Gulf International Marine Inc., Creditor Hornbeck Offshore Services, LLC, Creditor Expeditors and Production Services Company, Creditor EPS Cargo Handlers Company. (Cheatham, Robin). Modified on 2/19/2016 (than). (Entered: 02/16/2016) |

8.      On November 29, 2012, the Court entered its First Amended Case Management Order [Docket No. 57] (the "Phase 1 Scheduling Order"). Pursuant to the Phase 1 Scheduling

Order, the Court bifurcated this adversary proceeding such that the issues of (i) whether the Conveyances constituted an outright transfer of ownership such that the Subject Interests are not property of ATP's estate and (ii) whether the Conveyances were executory contracts (collectively the "Financing Issues") would be adjudicated in the first phase of this litigation with all other claims, including those of the M&M Intervenors, to be adjudicated after the Court's determination of the Financing Issues ("Phase 2").

9.      On May 20, 2014, the Court entered an Order substituting Bennu for ATP in this action in connection with any claims that relate to the Purchased Assets, which include the Subject Properties [Docket No. 171].

10.      On April 30, 2015, Bennu and OHA filed their Expedited Joint Motion to Enter Agreed Judgment [Docket. No. 251] (the "Motion for Agreed Judgment").  On February 4, 2016, the Court entered an Agreed Final Judgment as between Bennu and OHA resolving the issues between Bennu and OHA in Phase 1. [Docket No. 276].

11.      On February 3, 2016, OHA filed its Amended Motion Dismiss the Complaints in Intervention Filed by the Statutory Lien Claimants ("Amended Motion to Dismiss") [Docket No. 274].

12.      Also on February 4, 2016, the Court held a status conference and entered a Case Management Order regarding the Amended Motion to Dismiss [Docket No. 277]. In the Case Management Order, the Court set oral arguments on the Amended Motion to Dismiss for March 24, 2016 at 2:00.

13.      On February 5, 2016, OHA filed its Motion to Withdraw the Reference with Respect to the "Phase II" Claims ("Motion to Withdraw the Reference") [Docket No. 278].

## RESPONSE TO MOTION TO WITHDRAW THE REFERENCE

14.     In the Motion to Withdraw the Reference, OHA asserts that withdrawal of the reference is required under the mandatory withdrawal provision of 28 U.S.C. § 157(d) and appropriate under the permissive withdrawal provision of 28 U.S.C. § 157(d).[2]

15.     <u>Mandatory Withdrawal</u>. OHA asserts that withdrawal of the reference is mandatory because the resolution of M&M Intervenors' claims as set forth in the Complaints in Intervention will require substantial and material consideration of non-bankruptcy federal law. M&M Intervenors agree that the resolution of their claims will require substantial and material consideration of the Louisiana Oil Well Lien Act ("<u>LOWLA</u>") and other applicable Louisiana state law, which is made applicable in this proceeding as surrogate federal law under the provisions of the Outer Continental Shelf Lands Act ("<u>OCSLA</u>"). As noted in the Motion to Withdraw the Reference and in this Court's Report and Recommendation on Withdrawal of the Reference in Adv. No. 12-0345; *Diamond Offshore Company v. ATP Oil & Gas Corp.* (Docket No. 194, page 27, footnote 21), there is a split of authority on whether mandatory withdrawal under 28 U.S.C. § 157(d) only applies when the matter requires both consideration of bankruptcy law and non-bankruptcy federal law or whether the consideration of non-bankruptcy federal law alone is sufficient to invoke mandatory withdrawal under 28 U.S.C. § 157(d).

16.     Here, as noted above, resolution of the M&M Intervenors' claims will likely require substantial and material consideration of non-bankruptcy federal law; however, it is unlikely that such resolution will require substantial and material consideration of bankruptcy law. Through

---

[2] 28 U.S.C. § 157(d) provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

their respective Complaints in Intervention, the M&M Intervenors seek (i) declaratory judgments that the Conveyances from the Debtor to the Plaintiff was transferred subject the Intervenors' pre-existing statutory liens and (ii) disgorgement and turnover of payments made by the Debtor and Bennu to the Plaintiff pursuant to the ORRI and NPI Payment Order and the settlement between the Plaintiff and Bennu. The former will require material consideration and analysis of Louisiana state law, applied as surrogate federal law under OCSLA, while the latter will involve enforcement of this Court's prior order. Further, and as will be fully addressed in the Response to OHA's Amended Motion to Dismiss, while OHA frames the issue as whether M&M Intervenors' statutory privileges attach to OHA's overriding royalty interests under LOWLA, the primary issue the Court will need to consider in resolving these claims is whether under applicable Louisiana law the owner of an operating interest (ATP), whose operating interest is burdened by valid and perfected statutory privileges under LOWLA, can carve out of its operating interest and transfer a derivative interest such as an overriding royalty interest or net profits interest free and clear of such pre-existing liens and/or privileges. It is likely that in resolving this issue the Court will need to consider non-bankruptcy federal law but not bankruptcy law. Accordingly, it is unclear based on current case law whether mandatory withdrawal would apply in this instance.

17.     Permissive Withdrawal. M&M Intervenors agree that, for the reasons stated above, their claims are non-core and that the Court likely does not have constitutional authority to enter a final judgment, absent the consent of all parties. *Wellness Int'l Network, Ltd. v. Sharif* (*In re Sharif*), 575 U.S. ___ (2015) (slip op. at 19-20, n.13), 2015 WL 2456619, at *12, n.13 (May 26, 2015). Thus, permissive withdrawal is more likely applicable here.

18.     However, M&M Intervenors submit that regardless of whether mandatory or permissive withdrawal is applicable, this adversary proceeding should remain referred to this Court

for full pre-trial management pursuant to General Order 2012-6 and 28 U.S.C. § 157(c)(1). Among other reasons, this Court has extensive familiarity with the background facts relating to these claims and there are multiple adversary proceedings pending before this Court which involve the same or similar claims.

## CONCLUSION

For the reasons stated above, M&M Intervenors request that the Court submit a report and recommendation consistent with the above Response, that the District Court enter an Order adopting same and for such other and further relief to which M&M Intervenors are justly entitled.

Respectfully submitted,

SNOW SPENCE GREEN LLP

By: /s/   *Kenneth  Green*
      Phil F. Snow
      State Bar No. 18812600
      philsnow@snowspencelaw.com
      Kenneth Green
      State Bar No. 24036677
      kgreen@snowspencelaw.com
      Ross Spence
      State Bar No. 18918400
      ross@snowspencelaw.com
      2929 Allen Parkway, Suite 2800
      Houston, TX  77019
      (713) 335-4802
      (713) 335-4902 Fax

      *ATTORNEYS FOR SCHLUMBERGER TECHNOLOGY CORPORATION, M-I L.L.C. D/B/A M-I SWACO,  SUPREME SERVICE & SPECIALTY CO INC., CANRIG DRILLING TECHNOLOGY, LTD., SMITH INTERNATIONAL, INC. AND WIRELINE CONTROL SERVICES, LLC*

**ADAMS AND REESE LLP**

By: /s/    *Robin B. Cheatham*
        Robin B. Cheatham
        S.D. Tex. No. 18036
        robin.cheatham@arlaw.com
        Scott R. Cheatham
        State Bar No. 24050406
        scott.cheatham@arlaw.com
        One Shell Square
        701 Poydras Street, Suite 4500
        New Orleans, Louisiana 70139-4500
        (504) 581-3234
        (504) 566-0210 Fax

*ATTORNEYS FOR HARVEY GULF
INTERNATIONAL MARINE, INC, EXPEDITORS
AND PRODUCTION SERVICES, INC., EPS
CARGO HANDLERS COMPANY, INC. AND
HORNBECK OFFSHORE SERVICES, LLC*

**LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD**

By: /s/    *Benjamin W. Kadden*
        Stewart F. Peck
        LA Bar No. 10403, pro hac vice
        speck@lawla.com
        Christopher T. Caplinger,
        LA Bar No. 25357, pro hac vice
        ccaplinger@lawla.com
        Benjamin W. Kadden,
        Texas Bar No. 24077542
        bkadden@lawla.com
        Joseph P. Briggett
        LA Bar No. 33029, pro hac vice
        jbriggett@lawla.com
        601 Poydras Street, Suite 2775
        New Orleans, LA 70130
        Telephone: (504) 568-1990
        Facsimile: (504) 310-9195

*ATTORNEYS FOR WARRIOR ENERGY SERVICES
CORPORATION, FASTORQ, L.L.C., STABIL
DRILL SPECIALTIES, L.L.C., WORKSTRINGS
INTERNATIONAL, L.L.C., AND SUPERIOR*

9

*ENERGY SERVICES, L.L.C., D/B/A SUPERIOR COMPLETION SERVICES*

**LISKOW & LEWIS**

By: /s/    *Michael D. Rubenstein*
       Michael D. Rubenstein (Bar #24047514)
       First City Tower
       1001 Fannin Street, Ste. 1800
       Houston, Texas  77002
       Telephone:  (713) 651-2953
       Facsimile:  (713) 651-2952
       Email: *mdrubenstein@liskow.com*

*ATTORNEYS FOR CHAMPION TECHNOLOGIES, INC. AND OFFSHORE ENERGY SERVICES, INC.*

## CERTIFICATE OF SERVICE

       I certify that a true and correct copy of the above and foregoing was served on the 26th day of February 2016, upon all counsel of record via the Court's electronic case filing system (ECF).

       By: /s/ *Kenneth Green*
           Kenneth Green

i:\client\schl1202-atp oil main file\bankruptcy\adversary\adversary #12-03443 ngp(oha)\pleadings\joint response of certain intervenors to motion to withdraw reference.docx