IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 12-36187 |
| | § | |
| ATP OIL & GAS CORPORATION, | § | |
| | § | |
| Debtor | § | Chapter 7 |
| | § | |
| OHA INVESTMENT CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | ADVERSARY NO. 12-03443 |
| | § | |
| ATP OIL & GAS CORPORATION, | § | |
| And BENNU OIL & GAS, LLC | § | |
| | § | |
| Defendants. | § | |

**OHA INVESTMENT CORPORATION'S EMERGENCY MOTION FOR ORDER CLARIFYING THAT REPORT AND RECOMMENDATION IS INAPPLICABLE TO THE INTERLOCUTORY ORDER ON OHA'S MOTION TO DISMISS, OR ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION TO REPORT AND RECOMMENDATION**
[Relates to Docket Number 293]

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY

CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

COMES NOW OHA Investment Corporation f/k/a NGP Capital Resources Company ("OHA") and files this Emergency Motion (the "Motion") for Order Clarifying that Report and Recommendation is Inapplicable to the Interlocutory Order on OHA's Motion to Dismiss, or Alternatively, for Leave to File Objection to Report and Recommendation and Memorandum Opinion [Dkt. No. 293] (the "Report and Recommendation") entered by this Court on May 13, 2016, and would respectfully show the Court as follows:

## I.  RELIEF REQUESTED AND SUMMARY OF MOTION[1]

1.      On May 13, 2016, the Court entered its Order [Adv. Dkt. No. 294] (the "Interlocutory Order" or the "Order")[2] and related Report and Recommendation and Memorandum Opinion [Adv. Dkt. No. 293] on OHA's Motion to Dismiss and Motion to Withdraw Reference.  The Order states that "[t]he Court recommends that the District Court withdraw the reference when the Adversary Proceeding is ready for trial."  The Order does not indicate that this Court was making a recommendation to the District Court regarding the Motion to Dismiss.

2.      OHA's understanding (and the clear import of the Order) is that this Court entered its Report and Recommendation for purposes of the District Court's consideration of the Motion to Withdraw Reference in accordance with Local Bankruptcy Rule 5011 and did not intend for the District Court to review the conclusions it made in connection with the Order on OHA's

---

[1] Capitalized terms used in this Summary are defined herein.

[2] References to docket entries in this adversary proceeding, case no. 12-03443, will be referenced herein as [Adv. Dkt. No. ___]; references to docket entries in the district court proceeding relating to the Report and Recommendation, case no. 4:16-CV-01378, will be referenced herein as [Dist. Dkt. No. ___].

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

Motion to Dismiss, which is interlocutory and did not finally dispose of the Adversary Proceeding.

3.      Notably, Local Bankruptcy Rule 9033-1 does not contemplate entering findings and conclusions for the District Court's review in interlocutory matters.   Instead of seeking clarification from this Court regarding their interpretation of the Report and Recommendation, the Intervenors elected to file their Limited Joint Objection to the Report and Recommendation [Dist. Dkt. No. 5] (the "<u>Joint Objection</u>"), which objects to certain of the Bankruptcy Court's conclusions on the Motion to Dismiss.[3]   Importantly, the Intervenors' Joint Objection and position implies that Bankruptcy Rule 9033 governs and that OHA was required to object to any legal conclusions in the Report and Recommendation with which it disagrees.

4.      In order to resolve the apparent confusion regarding this Court's intentions, OHA requests that this Court clarify that it did not recommend its findings on OHA's Motion to Dismiss to the District Court.  Alternatively, and to the extent this Court intended for the District Court to review its interlocutory order on OHA's Motion to Dismiss, OHA requests that this Court grant it leave to file a limited objection to the Report and Recommendation, in accordance with Federal Rule of Bankruptcy Procedure 9033, substantially in the form attached hereto as Exhibit A, within five (5) days from the date of entry of an order regarding this Motion.

5.      ***NATURE OF EMERGENCY***.  To the extent the Court intended to recommend its conclusions on OHA's Motion to Dismiss to the District Court, OHA was required to file an objection to the Court's findings within 14 days of service of the Report and Recommendation. Moreover, under Rule 9033 OHA would be required to respond to the Joint Objection within 14 days of service of the same.  Also, the available time for an extension may be limited under Rule

---

[3] The Intervenors also filed a notice of appeal on the Interlocutory Order.

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR
ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

9033(c) and deadlines in connection with the Intervenors' notice of appeal may be running.  That appeal is ineffective and should be dismissed to the extent this Court did not intend to grant leave to appeal.  Accordingly, emergency consideration is warranted, and OHA requests a hearing as soon as possible in order to clarify the apparent confusion and to avoid incurring additional costs to prepare filings that appear to be unnecessary.

## II.  BACKGROUND

6.      On August 17, 2012 (the "Petition Date"), ATP filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), under Case No. 12-36187.

**A.      The Conveyance**

7.      Prior to the Petition Date, pursuant to certain purchase and sale agreements and duly recorded conveyances, OHA purchased term overriding royalties (the "Term Overriding Royalties") in certain outer continental shelf oil, gas, and mineral leases to submerged lands – known generally as the "Gomez and Telemark Properties" – for $65 million.

**B.      The Adversary Proceeding**

8.      On October 17, 2012, OHA commenced adversary proceeding no. 12-03443 by filing its Complaint before this Court [Adv. Dkt. No. 1] (the "Complaint") against ATP.  On December 14, 2012, OHA filed its First Amended Complaint [Dkt. No. 69] (the "Amended Complaint").  As more fully described in the Amended Complaint, OHA sought a declaratory judgment that the Term Overriding Royalties are property of OHA and/or are not property of the ATP bankruptcy estate.  OHA further sought a declaration that the Conveyance and the instruments giving rise to the Conveyance are not executory contracts that may be rejected.

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR
ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

9.      Multiple service companies (the "<u>Intervenors</u>") who were asserting liens against the Gomez and Telemark Properties intervened – claiming that they hold statutory liens or "privileges" under Louisiana law that extend to the Term Overriding Royalties.

10.     On November 29, 2012, this Court entered an Amended Case Management Order, bifurcating the issues before the Court such that the issues of "(i) whether the conveyance(s) and transaction(s) between Plaintiffs and Defendant constituted outright transfers of ownership of the subject interest to Plaintiffs such that the subject interests are not property of the Debtor's estate; and (ii) whether the conveyances of the subject interests are executory contracts or leases which the Debtor may reject under 11 U.S.C. § 365" (defined in the Order as the "<u>Financing Issues</u>") will be tried in the first phase.  And, any remaining issues (the "<u>Phase II Issues</u>") will be adjudicated under a separate case management order to be issued after a determination of the Financing Issues.  The Order required that, until a determination of the Financing Issues, "further pleadings in this proceeding shall relate to the determination of the Financing Issues." [*See* Adv. Dkt. No. 57 at para. 1].

11.     On December 13, 2012, the original Intervenor complaints were filed.[4]   On December 19, 2012, *OHA filed its Motion to Strike, Dismiss, or Alternatively, Abate Complaints in Intervention filed by Certain Alleged Lien Claimants in Violation of Amended Case Management Order* [Dkt. No. 70].  Because the original Intervenor complaints did not relate to the Financing Issues, they were abated along with Phase II of the litigation pursuant to the Amended Case Management Order.  [Adv. Dkt. No. 293 at 4].

---

[4]  The intervenor complaints asserted claims against OHA for declaratory relief:  (1) that they hold statutory privileges under the Louisiana Oil Well Lien Act ("<u>LOWLA</u>") against ATP's operating or leasehold interest in the Gomez and/or Telemark Properties; (2) that the Term Overriding Royalties were transferred to OHA subject to their privileges; and (3) that payments made to OHA must be disgorged until their privileges are satisfied.

ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

12.     After substantial litigation, on February 4, 2016, this Court fully and finally resolved the Financing Issues by entry of an Agreed Final Judgment[5] [Adv. Dkt. No. 276], and the abatement was terminated.  [Adv. Dkt. No. 293 at 4].

13.     Thereafter, pursuant to a briefing schedule set by this Court [Adv. Dkt. No. 277], OHA filed its *Second Amended Motion to Dismiss the Intervenor Complaints* [Adv. Dkt. No. 284] (the "Motion to Dismiss").  It also filed its *Motion to Withdraw the Reference with Respect to the "Phase II" Claims* [Adv. Dkt. No. 278] (the "Motion to Withdraw Reference").   On March 24, 2016, this Court held combined oral hearings on the Motion to Dismiss and the Motion to Withdraw Reference.

### i.     The Interlocutory Order and the Report and Recommendation

14.     On May 13, 2016, this Court entered its Order [Adv. Dkt. No. 294] on OHA's Motion to Dismiss and Motion to Withdraw Reference (the "Order" or the "Interlocutory Order").   In compliance with Local Rule 5011-1, this Court also entered its Report and Recommendation.[6]   The Report and Recommendation and Memorandum Opinion, like the Order, addresses both the Motion to Dismiss and the Motion to Withdraw Reference.

15.     Pursuant to the memorandum opinion on the Motion to Dismiss, this Court determined that under La. R.S. § 9:4869 OHA was a purchaser of an interest in hydrocarbons and if it "purchased an interest in hydrocarbons (or proceeds therefrom) without notice of the M&M Intervenors' privileges in a bona fide transaction, it would take the ORRIs free and clear

---

[5] The Agreed Final Judgment determined the nature of the interest that OHA purchased from ATP and is binding on the Intervenors.   [Adv. Dkt. No. 276 at 6].   Under the Final Agreed Judgment, it was determined that OHA purchased a term overriding royalty interest also known as a production payment, which is by definition – and under the terms of the Final Agreed Judgment – an interest in liquid or gaseous hydrocarbons.  [Dkt. No. 276 at 5]; 11 U.S.C. § 101(56A).

[6] L. Bankr. R. 5011-1 requires the Bankruptcy Court to make a report and recommendation on a motion to withdraw the reference.

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR
ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

of the M&M Intervenor's rights." [Adv. Dkt. No. 293 at 13]. Accordingly, the Intervenors were ordered to file amended complaints to specifically plead whether OHA had notice of their alleged privileges at the time it paid the purchase price. [Adv. Dkt. No. 293 at 14-15], [Adv. Dkt. No. 294].

16. The memorandum opinion specifically states "[a]s the Court is not dismissing all claims presented in this lawsuit, the order accompanying this opinion is interlocutory." [Adv. Dkt. No. 293 at 8]. Notably, in its Report and Recommendation, this Court did not reference Fed. R. Bankr. P. 9033 or otherwise indicate that it intended for the District Court to review its interlocutory findings as to the Motion to Dismiss.

17. The Order states "[t]he Court recommends that the District Court withdraw the reference when the Adversary Proceeding is ready for trial." [Adv. Dkt. No. 294]. The Order does not indicate that this Court was making a recommendation to the District Court regarding the Motion to Dismiss.

18. The Report and Recommendation was docketed in the District Court only as a recommendation regarding the Motion to Withdraw Reference. [Dist. Dkt. Cause No. 4:16-cv-01378]. In particular, the nature of the District Court proceeding is "Bankruptcy Withdrawal," and only the Motion to Withdraw and certain objections thereto were docketed with the District Court.

19. On May 27, 2016, the Intervenors filed their Limited Joint Objection to the Report and Recommendation [Dist. Dkt. No. 5] (the "Joint Objection"), which objects to certain of this Court's interlocutory conclusions on the Motion to Dismiss. Importantly, the Intervenors' Joint Objection and position implies that Bankruptcy Rule 9033 governs and that OHA was required to object to any legal conclusions in the Report and Recommendation with which it

disagrees.  At the same time, however, the Intervenors acknowledge that the filing of their Joint

Objection may be premature in light of the procedural posture of the ruling on the Motion to

Dismiss; they state that it was filed "out of an abundance of caution." Joint Objection at 2-3, n. 1,

2.

20.    Also on May 27, 2016, the Intervenors filed an appeal of the Order [Adv. Dkt.

No. 301] (the "<u>Notice of Appeal</u>").   The Intervenors did not request leave to appeal the

Interlocutory Order.

### III.  ARGUMENT

21.    This Court was not required to – and OHA believes that it did not – recommend

District Court review of the interlocutory rulings on OHA's Motion to Dismiss.  However, in

light of the apparent confusion surrounding this Court's submission of the Report and

Recommendation to the District Court, OHA requests that this Court confirm that it did not

recommend its rulings on OHA's Motion to Dismiss to the District Court.  Alternatively, OHA

requests that this Court grant OHA leave to file an objection to the Report and Recommendation,

substantially in the form attached hereto as Exhibit A, within five (5) days from the date of entry

of an order regarding this Motion.

22.    It is well established that bankruptcy courts are only required to issue a report and

recommendation as to <u>final</u> orders or judgments.[7]   Indeed, in the absence of a final

determination, bankruptcy courts are free to amend or clarify their rulings at any time[8] and it is

---

[7] *See* 28 U.S.C. § 157(c)(1) (directing bankruptcy judges hearing non-core proceedings to submit proposed findings of fact and conclusions of law on any <u>final</u> order or judgment to the district judge) (emphasis added); Fed. R. Bankr. P. 9033(a) (In non-core proceedings heard pursuant to 28 U.S.C. §157(c)(1), the bankruptcy judge shall file proposed findings of fact and conclusions of law.).  *See also, O'Toole v. McTaggart (In re Trinsum Group, Inc.),* 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012).

[8] *See e.g., United States Abatement Corp. v. Mobil Exploration & Producing U.S. (In re United States Abatement Corp.),* 39 F.3d 563, 567 (5th Cir. 1994) (absent finality, order was merely an interlocutory order which the bankruptcy court was free to reconsider and vacate.); *Central Illinois Sav. & Loan Asso. v. Rittenberg Co.,* 85 B.R.

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR
ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

procedurally appropriate for bankruptcy courts to refrain from submitting non-final orders to the district courts for review.[9]

23.     Both before and after *Stern v. Marshall*,[10] "it is clear that bankruptcy courts may handle all pretrial proceedings, including the entry of an interlocutory order dismissing fewer than all of the claims in an adversary complaint . . ."[11]  A "contrary interpretation would require wholesale referral to the District Court of every order concerning discovery, continuances or every other interlocutory order of substantive or procedural import."[12]   Local Rule 9033-1 confirms that the requirement to submit proposed findings and conclusions for review by the District Court <u>only</u> applies to "final order[s] or judgment[s]."[13]

---

473, 480 (N.D. Ill. 1988) (Bankruptcy Rule 7054(a), FRCP 54(b), allows court to alter interlocutory order at any time, and issues that Bankruptcy Court purported finally to resolve may arise again as parties litigate remainder of case.).  And, absent leave, the Intervenors do not have a right to appeal the Order.  *See United States Abatement Corp. v. Mobil Exploration & Producing U.S. (In re United States Abatement Corp.),* 39 F.3d 563, 567 (5th Cir. 1994)  ("there can be no appeal absent express permission of the bankruptcy court to take an interlocutory appeal.") (*citing*  28 U.S.C. § 158(a); *Smith v. Revie (In re Moody),* 817 F.2d 365, 366 (5th Cir. 1987)).

[9]  *See e.g., In re Castro,* 919 F.2d 107 (9th Cir. 1990) (interlocutory decisions and orders on non-core issues need not be submitted to district court); *Am. Media, Inc. v. Anderson Mgmt. Servs. (In re Anderson News, LLC),* Civ. No. 15-mc-199-LPS, 2015 U.S. Dist. LEXIS 109896 (D. Del. Aug. 19, 2015) (procedurally proper for bankruptcy court to not submit interlocutory order to district court for review for final judgment under Fed. R. Bankr. P 9033(a)).

[10]  564 U.S. 462 (2011).

[11]   *O'Toole v. McTaggart (In re Trinsum Group, Inc.),* 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012).  *See also, e.g., Hill v. New Concept Energy (In re Yazoo Pipeline Co., L.P.),* 459 B.R. 636, 642 (Bankr. S.D. Tex. 2011)  (holding that "Stern restricts a bankruptcy court's authority to enter a final order or judgment, but it does not limit this Court's authority to enter pre-trial orders in matters that are within its statutory jurisdiction."); *Ameriwest Bank v. Starbuck Bancshares, Inc. (In re Americanwest Bancorporation),* Case No. CV-11-0448-LRS, 2012 U.S. Dist. LEXIS 13350, 2012 WL 394379, at *2 (E.D. Wash. Feb. 3 2012) (referring all pretrial matters, including pending summary judgment motion, to the bankruptcy court); *Boyd v. King Par, LLC (In re B&P Baird Holdings, Inc.),* Case No. 11-CV-1106, 2011 U.S. Dist. LEXIS 130070, 2011 WL 5509873, at *5 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty regarding the bankruptcy court's ability to enter a final judgment . . . does not deprive the bankruptcy court of the power to entertain all pretrial proceedings, including summary judgment motions.").

[12]  *O'Toole v. McTaggart (In re Trinsum Group, Inc.),* 467 B.R. 734, 742 (Bankr. S.D.N.Y. 2012) (*quoting Elkins v. X-Alpha International, Limited (In re Kennedy),* 48 B.R. 621 (Bankr. D. Ariz. 1985)).

[13]  L. Bankr. R. 9033-1 provides:

> If the Court determines that it cannot enter a final order or judgment consistent with Article III of the United States Constitution in a particular proceeding referred to the Court and designated as core under section 157(b) of title 28, and the Court hears the proceeding, Rule 9033(a), (b), and (c) of the Federal Rules of Bankruptcy Procedure shall apply as if it is a non-core proceeding.

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR
ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

24.     Here, as noted by this Court, the Order "is interlocutory"[14] because it resolved "fewer than all" of the "claims presented in this lawsuit."[15] Accordingly, this Court was <u>not</u> required to submit a recommendation to the District Court as to the Motion to Dismiss.  In fact, "the policy against piecemeal appeals generally counsels against submitting interlocutory recommendations to the District Court under Rule 9033."[16] However, this Court <u>was</u> required to submit the Report and Recommendation to the District Court for review of its ruling in connection with the Motion to Withdraw Reference.[17]  For, *inter alia,* the reasons provided below, it is OHA's understanding and belief that this Court intended to only recommend to the District Court its conclusions with respect to the Motion to Withdraw Reference.

25.     First, this Court specifically acknowledged in the Report and Recommendation that its findings relating to the Motion to Dismiss are interlocutory.  [Adv. Dkt. No. 293 at 8]. Neither the Report and Recommendation nor the Order reference Fed. R. Bankr. P. 9033 or otherwise indicate that this Court was recommending District Court review of its interlocutory findings as to the Motion to Dismiss.  Indeed, this Court differentiated between the rulings on the Motion to Dismiss and the Motion to Withdraw Reference, explicitly stating that it was

---

[14] Report and Recommendation [Adv. Dkt. No. 293] at 8.  *See also, Yerushalmi v. Shiboleth,* 405 B.R. 44 (E.D.N.Y. 2009) (A bankruptcy court's order denying defendant's motion to dismiss is not a final order because the denial of a motion to dismiss does not end the litigation on the merits. A motion to dismiss a complaint in an adversary proceeding is classified as an interlocutory and non-final order.); *Kirschner v. Agoglia (In re Refco Inc.),* 461 B.R. 181, 186 (Bankr. S.D.N.Y. 2011) (First, the denial of MH's motion to dismiss in whole or in part, would be only an interlocutory order, and thus could not in any event be subject to Stern's prohibition of this Court's entry of final judgments (subject, though, to rights under Fed. R. Bankr. P. 7054(a), incorporating Fed. R. Civ. P. 54(b))).

[15] Report and Recommendation [Adv. Dkt. No. 293] at 7-8.

[16]  *O'Toole v. McTaggart (In re Trinsum Group, Inc.),* 467 B.R. 734, 742 (Bankr. S.D.N.Y. 2012).

[17] L. Bankr. R. 5011-1 provides:

> A motion to withdraw a case, contested matter, or adversary proceeding to the district court must be filed with the clerk. Unless the district court orders otherwise, the matter will first be presented to the bankruptcy judge for recommendation.

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

submitting a recommendation <u>as to the Motion to Withdrawal</u> to the District Court.  [Adv. Dkt. No. 294].

26.    Moreover, only the Motion to Withdraw Reference and related filings were docketed in the District Court along with the Report and Recommendation, suggesting that this Court's findings related to the Motion to Dismiss are not before the District Court.  [*See* Dkt. Cause No. 4:16-cv-01378].   Also the nature of the District Court suit is "Bankruptcy Withdrawal."

27.    In addition, although the Intervenors filed their Joint Objection to this Court's findings as to the Motion to Dismiss, they admit that the filing may be premature in light of the procedural posture of the ruling on the Motion to Dismiss.  Joint Objection at 2-3, n. 1, 2.

28.    OHA's understanding (and the clear import of the Order) is that this Court entered its Report and Recommendation for purposes of the District Court's consideration of the Motion to Withdraw Reference.  However, to the extent that this Court intended for the District Court to review its findings in connection with the Motion to Dismiss, in accordance with Federal Rule of Bankruptcy Procedure 9033, OHA requests that it be granted leave to file a limited objection to the Report and Recommendation.  Rule 9033 provides that the bankruptcy judge may grant leave to extend the time for filing objections by any party for a period not to exceed 21 days from the expiration of the time otherwise proscribed.  Fed. R. Bankr. P. 9033(c).  OHA submits that under the circumstances, an extension of the deadline is warranted, and accordingly, to the extent Rule 9033 applies, OHA requests that it be granted leave to file its objection to the Report and Recommendation within five (5) days from the date of entry of an order regarding this Motion.

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR
ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

## IV. CONCLUSION AND PRAYER

For the foregoing reasons, this Court should clarify that it did not recommend District Court review of its Interlocutory Order on OHA's Motion to Dismiss.  Alternatively, and to the extent this Court intended for the District Court to review its Interlocutory Order on OHA's Motion to Dismiss, this Court should grant OHA leave to file a limited objection to the Report and Recommendation.

Dated:   June 6, 2016.

Respectfully submitted,

**THOMPSON & KNIGHT LLP**

By: /s/ *Tye Hancock*

Tye C. Hancock
Bar No. 24032271
Mitchell E. Ayer
Bar No. 01465500
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone: (713) 654-8111
Facsimile: (713) 654-1871

David M. Bennett
Bar No. 2139600
Katharine Battaia Clark
Bar No. 24046712
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

**ATTORNEYS FOR OHA INVESTMENT CORPORATION**

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR
ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on those parties entitled to notice via this Court's ECF system and upon the parties on the attached service list by regular US mail on this <u>6th</u> day of <u>June, 2016</u>.

<u>/s/*Tye C. Hancock*</u>
Tye C. Hancock

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR
ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

## SERVICE LIST

Bennu Oil & Gas, LLC
1330 Post Oak Blvd. Ste. 1600
Houston, TX 77056-3072

**DEFENDANT**

Andrew J. Gallo
MORGAN, LEWIS & BOCKIUS LLP
One Federal St
Boston, MA 02110
andrew.gallo@morganlewis.com

Sean B. Davis
WINSTEAD PC
1100 JPMorgan Chase Tower
600 Travis Street
Houston, TX 77002
sbdavis@winstead.com

Phillip L Lamberson
WINSTEAD PC
500 Winstead Building
2728 N. Harwood Street
Dallas, TX 75201
plamberson@winstead.com

**ATTORNEYS FOR BENNU OIL & GAS, LLC**

Rodney D. Tow
TOW AND KOENIG PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380
rtow@towkoenig.com

**TRUSTEE**

Charles M. Rubio
DIAMOND MCCARTHY, LLP
909 Fannin Street, Suite 1500
Houston, TX 77010
crubio@diamondmccarthy.com

**COUNSEL FOR TRUSTEE IN MAIN BANKRUPTCY**

Chris Lindstrom
COOPER & SCULLY, P.C.
815 Walker Street, Suite 1040
Houston, Texas 77002
Chris.Lindstrom@cooperscully.com

Timothy Micah Dortch
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, TX 75202
Micah.Dortch@cooperscully.com

**ATTORNEY IN CHARGE FOR RODNEY TOW, TRUSTEE**

Robin B. Cheatham
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139-4500
robin.cheatham@arlaw.com

**ATTORNEYS FOR HARVEY GULF INTERNATIONAL MARINE, LLC, HORNBECK OFFSHORE SERVICES, L.L.C., EXPEDITORS & PRODUCTION SERVICES, INC., EPS CARGO HANDLERS COMPANY, AND EPS LOGISTICS COMPANY**

Paul M Davis
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, TX 77002
pauldavis@andrewskurth.com

John J. Sparacino
VORYS, SATER, SEYMOUR & PEASE LLP
700 Louisiana Street, Suite 4100
Houston, Texas 77002
jjsparacino@vorys.com

**ATTORNEYS FOR THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.**

507055 000037 17476990.2

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR
ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION

Brian D. Wallace
Allen C. Miller
Evan Dicharry
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
brian.wallace@phelps.com
allen.miller@phelps.com
evan.dicharry@phelps.com

ATTORNEYS FOR CREDITORS, GULF
OFFSHORE LOGISTICS, L.L.C., MARTIN
HOLDINGS, L.L.C., C-PORT/STONE L.L.C.,
OFFSHORE SERVICE VESSELS, L.L.C. AND
BARRY GRAHAM OIL SERVICE, L.L.C.

Phil F. Snow
Kenneth Green
Ross Spence
SNOW FOGEL SPENCE LLP
2929 Allen Parkway, Suite 4100
Houston, TX 77019
philsnow@snowfogel.com
kennethgreen@snowfogel.com
rossspence@snowfogel.com

ATTORNEYS FOR SCHLUMBERGER
TECHNOLOGY CORPORATION, M-I L.L.C.
D/B/A M-I SWACO, SMITH
INTERNATIONAL, INC., WIRELINE
CONTROL SERVICES, LLC, NABORS
OFFSHORE CORPORATION, CANRIG
DRILLING TECHNOLOGY, LTD., AND
SUPREME SERVICE & SPECIALTY CO. INC.

Michael D. Rubenstein
LISKOW & LEWIS
1001 Fannin Street, Ste. 1800
Houston, Texas 77002
mdrubenstein@liskow.com

ATTORNEYS FOR CHAMPION
TECHNOLOGIES, INC. AND OFFSHORE
ENERGY SERVICES INC.

Stewart F. Peck
Christopher T. Caplinger
Benjamin W. Kadden
LUGENBUHL, WHEATON, PECK, RANKIN 601
Poydras Street, Suite 2775
New Orleans, LA 70130
speck@lawla.com
ccaplinger@lawla.com
bkadden@lawla.com

ATTORNEYS FOR WARRIOR ENERGY
SERVICES CORPORATION, FASTORQ,
L.L.C., STABIL DRILL SPECIALTIES,
L.L.C., WORKSTRINGS  INTERNATIONAL,
L.L.C., AND SUPERIOR ENERGY SERVICES,
L.L.C.

J. Christopher Kohn
Kathie Shahan
Victor W. Zhao
Commercial Litigation Branch
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
victor.w.zhao@usdoj.gov

COUNSEL FOR THE US

OHA'S MOTION FOR ORDER CLARIFYING REPORT AND RECOMMENDATION, OR
ALTERNATIVELY, FOR LEAVE TO FILE OBJECTION