### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | | |
| | § | |
| ATP OIL & GAS CORPORATION, | § | BANKRUPTCY CASE NO. 12-36187 |
|     *Debtor*. | § | |
| | § | |
| OHA INVESTMENT CORPORATION, | § | |
|     *Plaintiff*, | § | |
| | § | ADVERSARY NO. 12-3443 |
| v. | § | |
| | § | CIVIL ACTION H-16-1378 |
| BENNU OIL & GAS, LLC, | § | |
|     *Defendant*. | § | |

### ORDER

Pending before the court is the bankruptcy court's Report and Recommendation ("R&R") (Dkt. 1), which recommends that the district court grant OHA Investment Corporation's ("OHA") motion for withdrawal of the reference (Dkt. 2) once the adversary proceeding is ready for trial. Having considered the bankruptcy judge's R&R, OHA's motion, responses thereto, objections, and applicable law, the court is of the opinion that OHA's motion to withdraw the reference should be GRANTED.

In the underlying adversary proceeding, OHA filed a motion to dismiss complaints in intervention filed by Schlumberger Technology Corporation, *et al.* (the "M&M Intervenors") and a motion to withdraw the reference. Bankr. Case No. 12-3443, Dkts. 278, 284. In the R&R, the bankruptcy court (i) denied OHA's motion to dismiss, (ii) granted leave to the M&M Intervenors to amend their complaints, and (iii) recommended that the district court withdraw the reference for this adversary proceeding pursuant to 28 U.S.C. § 157(d). Dkt. 1. No parties have objected to the bankruptcy court's recommendation to withdraw the reference. However, the M&M Intervenors filed a limited objection relating to the bankruptcy court's interlocutory conclusions on OHA's

motion to dismiss the M&M Intervenors' complaints in intervention. Dkt. 5. Indeed, the objection expressly states that "the M&M Intervenors do not object to the Bankruptcy Court's R&R insofar as it relates to the Motion to Withdraw the Reference." *Id*. at 3. The bankruptcy court found that permissive withdrawal was appropriate because (i) OHA has not consented to a jury trial in bankruptcy court and (ii) the M&M Intervenors do not contest OHA's request for permissive withdrawal. Dkt. 1 at 15. The bankruptcy court recommends that withdrawal of the reference be delayed until the adversary proceeding is ready for trial pursuant to the bankruptcy court's normal procedures and based on the bankruptcy court's "extensive familiarity" with similar adversary proceedings in the ATP bankruptcy. *Id*. No parties have objected to this recommendation. Accordingly, the court ADOPTS the bankruptcy court's recommendation to withdraw the reference once the adversary proceeding is ready for trial.

It is therefore ORDERED that OHA's motion (Dkt. 2) is GRANTED, the reference is WITHDRAWN, and the matter will remain referred to United States Bankruptcy Judge Marvin Isgur for full pre-trial management consistent with General Order 2012-6 of this district and 28 U.S.C. § 157(c)(1) (requiring the bankruptcy judge to submit proposed findings of fact and conclusions of law which the district court will review on a *de novo* basis). It is further ORDERED that this cause of action is STAYED and administratively (statistically) closed. The parties may move to reinstate the case on the court's active docket at such time in the future as deemed appropriate. A copy of this order shall be attached as an exhibit to any motion to reinstate.

Signed at Houston, Texas on July 14, 2016.

_____
Gray H. Miller
United States District Judge